**SOUTHERN MACHINE COMPANY, Inc.**

v.

**MOHASCO INDUSTRIES, INC., and Louisa Carpet Mills, Inc.**

**Civ. A. No. 4801.**

United States District Court
E. D. Tennessee, S. D.

Jan. 17, 1967.

called "Mohasco") and between plaintiff and defendant Louisa Carpet Mills (hereinafter called "Louisa"). Service of process was had upon each of the defendants outside the State of Tennessee through the Secretary of State of Tennessee. The case comes before the Court upon the motion of defendant Mohasco to quash service of process and to dismiss the action for lack of in personam jurisdiction.

■■ Original process of a federal court may be served beyond the territorial bounds of the forum state when such substituted service is authorized by a valid statute of the forum state. Rule 4, Federal Rules of Civil Procedure. Plaintiff explains in its brief that it relies upon the provisions of the Tennessee "Long Arm" statute, Sections 20–235 et seq., Tennessee Code Annotated, in support of personal jurisdiction over Mohasco in this case. Section 20–235 provides that:

> "Persons who are nonresidents of Tennessee * * * are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
>
> (a) The transaction of any business within the state;
>
>  * * * * * *
>
> (c) The ownership or possession of any interest in property located within this state;
>
>  * * * * * *
>
> (e) Entering into a contract for services to be rendered or for materials to be furnished in this state.
>
> 'Person' as used herein shall include corporations and all other entities which would be subject to service of process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative."

This legislation was enacted in early 1965 and has received no construction, so far as known to the Court, by the appellate courts of Tennessee, although it is the

Paul W. Sorrick, Jr., Chattanooga, Tenn., for plaintiff.

Miller, Martin, Hitching, Tipton & Lenihan, Chattanooga, Tenn., for Mohasco Industries, Inc.

Hall, Haynes, Lusk & Foster, Chattanooga, Tenn., for Louisa Carpet Mills, Inc.

## OPINION

FRANK W. WILSON, District Judge.

This is an action for declaratory judgment arising out of certain alleged agreements between plaintiff and defendant Mohasco Industries, Inc. (hereinafter

subject of a comment appearing at 33 Tennessee Law Review 371. It is the opinion of this Court that the legislation is intended to exercise the power of the State fully, that is, to the extent permitted by the Fourteenth Amendment, United States Constitution. Section 20–240, Tennessee Code Annotated, Hamilton National Bank v. Russell, et al. (this Court, 1966) 261 F.Supp. 145.

■■ Due process requires, as well as timely notice and opportunity to defend, a valid basis for the exercise of judicial power. In the words of Chief Justice Stone in the leading case of International Shoe Co. v. State of Washington, (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the defendant must have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." This test was significantly clarified in the more recent case of Hanson v. Denckla, (1958) 357 U.S. 235, 78 S.Ct. 1228, 2 L. Ed.2d 1283, wherein it was said that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Thus the requirements of due process are satisfied if defendant has certain "minimum contacts" with Tennessee, purposefully established, of such a nature that the maintenance of this lawsuit does not offend "traditional notions of fair play and substantial justice". The existence or non-existence of "minimum contacts" must be worked out with reference to the facts of a particular case rather than in a statement of dogmatic rules of all-inclusive principles. Velandra v. Regie Nationale des Usines Renault, (C.A.6, 1964) 336 F.2d 292.

This action arises out of a contract entered into between plaintiff and Mohasco on May 1, 1962, relating to the manufacture and sale by plaintiff of certain "attachments" under patents claimed by Mohasco. It is alleged in the complaint that plaintiff and defendant Louisa subsequently entered into a contract for manufacture and sale by plaintiff to Louisa of a quantity of attachments, but that a controversy arose when Louisa refused to apply to Mohasco for a license and demanded delivery of the attachments. This lawsuit asks for declarations of the rights of the respective parties.

Mohasco has filed an affidavit executed by its Executive Vice President, Joseph McCleary, Jr. It is there averred that the licensing agreement was signed by plaintiff in Chattanooga, Tennessee, and mailed to Amsterdam, New York, for execution by Mohasco, and that the agreement recites that it is to be construed as having been made in New York and subject to the laws of New York.

Plaintiff has filed an affidavit of its Secretary, James A. Cobble, Jr., asserting that the contract was negotiated primarily by long distance telephone between Tennessee and New York, and that two representatives of Mohasco came to Chattanooga to inspect plaintiff's facilities and machinery and to explain the manufacture of the attachments. The affidavit continues that the contract was prepared by Mohasco, sent to plaintiff for execution and then returned to Mohasco for its execution, that Mohasco, pursuant to the contract, required reports from plaintiff, which at that time had only one plant, which was located in Tennessee. It is also stated that Singer Company, Cobble Division, and E'Con Carpet Mills, Inc., both located in Chattanooga, are manufacturing and using, respectively, attachments such as those in question here, likewise under agreement with Mohasco.

According to the allegations of the complaint, the contract between plaintiff and Mohasco is basically as follows. Plaintiff is licensed to sell such attachments for use in countries outside the United States and the Mohasco Foreign Patent area upon payment of a Foreign Use Royalty. Mohasco does not represent the validity or enforceability of the licensed patents, and if any claim thereof is held invalid or not infringed by judgment or decree from which no appeal is taken, then plaintiff is released from any

obligation under the contract by virtue of such patent to the same extent that such a judgment or decree frees the party adverse to the patent in such litigation. Plaintiff is not to attack the validity of the patents or to assist others in so doing. Mohasco agrees to grant to third parties designated by plaintiff non-exclusive licenses under the patents to use the attachments obtained from plaintiff in the United States.

The Court is of the opinion that the mere licensing by defendant of a Tennessee corporation to manufacture articles in Tennessee under claimed patents, even though representatives of the defendant may have come to Tennessee to inspect plaintiff's facilities and plant and explain the manufacturing process, and even though reports may have been required of plaintiff, would not constitute sufficient "minimum contact" with Tennessee to subject defendant to process under a Tennessee statute in an action for declaratory judgment arising out of such licensing agreement. Of course, any unilateral action by the plaintiff cannot satisfy the requirement of contact with the forum state. Hanson v. Denckla, supra. It is true that single acts or transactions may serve as the basis for the exercise of in personam jurisdiction. McGhee v. International Life Ins. Co., (1957) 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223; Hamilton National Bank v. Russell, et al. supra. It is likewise true that activities outside the state may subject actors to jurisdiction of courts within the state. Velandra v. Regie Nationale des Usines Renault, supra. The teaching of these cases and the authorities cited therein, however, is that the test for the exercise of in personam jurisdiction in cases of substituted service is the nature and quality of the contact which defendant has purposefully had with the forum state, as related to the nature of the action in which personal jurisdiction is asserted. In the instant case the minimum contact essential to personal jurisdiction of defendant Mohasco does not appear.

Therefore, it is the opinion of the Court that the motion of defendant Mohasco to quash service of process as to it and to dismiss the action as to it for lack of in personam jurisdiction should be granted.

An order will enter accordingly.